UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ASHLEY FLEMING, et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>TOR BJORNSTAD, et al.,<br><br>                Defendants. | CASE NO. C12-5247 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| PAUL FRENCH,<br><br>                Plaintiff,<br><br>   v.<br><br>TOR BJORNSTAD, et al.,<br><br>                Defendants. | |

This matter comes before the Court on Defendants Rich Allen, Tor Bjornstad, Jeff Herbig, Chris Johnstone, Sean Lindros, City of Olympia, and Jim Partin's ("Defendants") motion for partial summary judgment (Dkt. 46). The Court has considered the pleadings

ORDER - 1

filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On May 7, 2012, Plaintiff Paul French ("French") filed a civil rights complaint against numerous defendants alleging violations of constitutional rights, false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, and negligence. Cause No. 12-5247BHS, Dkt. 1.

On August 30, 2012, the Court consolidated French's case with this case. Dkt. 34. On September 16, 2013, the Court granted the parties' stipulated dismissal of seven defendants. Dkt. 41.

On October 16, 2013, Defendants filed a motion for partial summary judgment. Dkt. 46. On October 17, 2013, Defendants filed an amended motion. Dkt. 57. On November 25, 2013, French responded. Dkt. 66. On December 5, 2013, Defendants replied. Dkt. 72.

On November 25, 2013, French filed a motion for leave to file excess pages. Dkt. 65. On November 27, 2013, Defendants filed a motion for an extension of time to file their reply. Dkt. 68. The Court grants both of these motions.

## II. FACTUAL BACKGROUND

On April 8, 2013, a group of demonstrators participated in an anti-police brutality march. The march started on the west side of Olympia and eventually ended up in downtown Olympia. French participated in the march. During the march, the police received numerous calls that the protesters were interfering with traffic. Dkt. 75, Second

Declaration of Lieutenant Holmes, Exh. 1.  The dispatch report also shows that the march obstructed a paramedic unit of the Olympia Fire Department.  *Id.*, ¶ 2.

Based on the obstructions of traffic and information of other incidents contributed to the demonstrators, Lieutenant Holmes decided that the march must be stopped.  Dkt. 51, Declaration of Lieutenant Ray Holmes, ¶¶ 8–13.  Lieutenant Holmes ordered all available officers to surround the marchers and move them to a nearby vacant lot.  *Id.* ¶ 15.  All of the protestors were arrested one by one for pedestrian interference.  *Id.*

During the march, a photographer for a local newspaper, Tony Overman, reported an assault by a protestor.  *Id.* ¶ 9.  After the group was assembled in the vacant lot, the assaulter was identified as Jamie Williams.  Officers Watkins and Nutter moved in to remove Ms. Williams from the group of people.  However, the people around Ms. Williams grabbed onto her generating a pulling match with the officers.  Officer Lindros states that he moved in with his baton and immediately struck the arms of the people holding Ms. Williams.  Dkt. 49, Declaration of Sean Lindros, ¶ 2.  Officer Lindros claims that someone's fist hit him in the face and identified French as the attacker.  *Id.*

### III. DISCUSSION

Defendants initially moved the Court for an order dismissing the following claims on summary judgment: (1) any claims arising from the detention of French for pedestrian interference; (2) French's Fourth Amendment claim of excessive force; (3) French's Eighth Amendment claim for cruel and unusual punishment; (4) French's claims against defendants Tor Bjornstad, Jim Partin, Jeff Herbig, Chris Johnstone and Rich Allen; (5) French's claims against the City of Olympia corresponding to the above claims and any §

1983 municipal liability claims arising from his allegation that Officer Lindros fabricated the assault; (6) intentional infliction of emotional distress against all defendants except Officer Lindros; and (7) French's negligence claim. Dkt. 57 at 2–3. In their reply, Defendants withdrew the motion as to French's excessive force claim. Dkt. 72 at 11.

**A.   Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must

1  meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477
2  U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual
3  issues of controversy in favor of the nonmoving party only when the facts specifically
4  attested by that party contradict facts specifically attested by the moving party. The
5  nonmoving party may not merely state that it will discredit the moving party's evidence
6  at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W.*
7  *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,
8  nonspecific statements in affidavits are not sufficient, and missing facts will not be
9  presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Eighth Amendment**

The Eighth Amendment's cruel and unusual punishment protections apply only after conviction and sentencing. *Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1042 (9th Cir.), *cert. denied*, 519 U.S. 1006 (1996). In this case, French has failed to submit any facts supporting a claim for punishment after his conviction. Therefore, the Court grants Defendants' motion on this claim.

**C.     Negligence**

As a general rule, law enforcement activities are not reachable in negligence. *Keates v. Vancouver*, 73 Wn. App. 257, 267, *review denied*, 124 Wn.2d 1026 (1994). Moreover, the true nature of a claim must be determined from the facts alleged in support, rather than by the label placed upon the claim by plaintiff. *See Simpson v. State*, 26 Wn. App. 687, 691 (1980). In this case, French has failed to contest Defendants'

motion on this claim and failed to submit any facts in support of this claim. Therefore, the Court grants Defendants' motion on this claim.

**D.    Pedestrian Interference**

French argues that Olympia's pedestrian interference ordinance is vague and overbroad. Dkt. 66 at 9–15. It is unclear to the Court what French intends to accomplish in challenging the constitutionality of the ordinance in this civil rights action. He is not seeking declaratory or injunctive relief that the ordinance is unconstitutional. Thus, French is claiming damages for his brief detention pursuant to an unconstitutional ordinance. Even if there was authority for such a novel argument, French has failed to meet his burden that the ordinance is unconstitutional or that there was an absence of probable cause to briefly detain him. First, the main basis for his assertion that the ordinance is unconstitutional is that "the ordinance does not even make an exception for permitted marches or parades." Dkt. 66 at 15. Contrary to his assertion, the City of Olympia does have provisions for public parades and demonstrations. *See* OMC 9.16.060 ("Public parades and demonstrations").

Second, the police reports show that the demonstration had blocked at least one emergency vehicle and allegedly contributed to other crimes. The Court finds that there was at least probable cause to briefly detain the demonstrators for pedestrian interference for obstructing vehicular traffic. French attempts to argue that it was the police's duty to give a "dispersal order," order the marchers "to get on the sidewalk," or "let traffic proceed." Dkt. 18–19. There is, however, a lack of precedent for the proposition that the police must inform an individual that his conduct is criminal before they have probable

cause to seize him. Therefore, the Court grants Defendants' motion on the issue of probable cause for pedestrian interference.

**E.     Other Officers**

Officers Bjornstad, Partin, Herbig, Johnstone and Allen move for dismissal of all claims against them for a lack of actionable conduct. Dkt. 57 at 18. The Court agrees because there was probable cause to arrest French for pedestrian interference. French argues that the officers are liable for "directly ordering and carrying out the mass arrests . . . ." Dkt. 66 at 22. French, however, lacks standing to bring claims on behalf of the other protestors and there was probable cause to arrest him individually. Therefore, the Court grants the officers' motion on this issue.

**F.     Outrage**

The basic elements of the tort of outrage are: "(1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress." *Rice v. Janovich*, 109 Wn.2d 48, 61 (1987). The conduct in question must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Grimsby v. Samson*, 85 Wn.2d 52, 59 (1975).

In this case, French has failed to meet his burden on this claim. French claims that arresting multiple people based on a false pretext is "extreme and outrageous." Dkt. 66 at 24. French, however, has failed to submit facts in support of conduct that is so atrocious

1 that it is utterly intolerable in a civilized society. Therefore, the Court grants the

2 Defendants' motion on this claim.

**G. Monell Liability**

4 In order to assert a claim against the City under 42 U.S.C. § 1983, French must

5 show that an officer acted through an official custom, pattern or policy that permits

6 deliberate indifference to, or violates, French's rights; or that the City ratified the

7 unlawful conduct. *Monell v. Department of Social Servs.*, 436 U.S. 658, 690–91 (1978).

8 The City's action must be the moving force behind French's damages. *Board of*

9 *Commissioners of Bryan County v. Brown*, 520 U.S. 397, 405 (1997).

10 In this case, French argues that the claim against the City should go to trial

11 because it is responsible for the conduct of Officer Lindros and the other officers. Dkt.

12 66 at 25–28. With regard to Lindros, French argues that he has demonstrated a "pattern

13 of failure to discipline." *Id*. at 25. French fails to recognize that unsubstantiated

14 complaints do not show a pattern of inappropriate conduct. Moreover, the existence of an

15 unresolved material question of fact for trial does not show misconduct by Officer

16 Lindros. *See Klyne v. Lindros*, Cause No. 12-5105BHS.

17 With regard to the other officers, the Court has dismissed all claims of individual

18 liability against these officers. Without individual liability, French cannot maintain an

19 action against the City under *Monell*. Therefore, the Court grants Defendants' motion on

20 French's claims against the City.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for partial summary judgment (Dkt. 46), Defendants' motion for extension of time (Dkt. 68), and French's motion for leave to file excess pages (Dkt. 65) are **GRANTED**.

Dated this 11th day of December, 2013.

_____
BENJAMIN H. SETTLE
United States District Judge