1

2

3

4

5

6

7

8 | ASHLEY FLEMING, et al.,

9 |                Plaintiffs,

10 |       v.

11 | TOR BJORNSTAD, et al.,

12 |                Defendants.

13 | PAUL FRENCH,

14 |                Plaintiff,

15 |       v.

16 | TOR BJORNSTAD, et al.,

17 |                Defendants.

CASE NO. C12-5247 BHS

ORDER DENYING PLAINTIFF'S MOTION TO STAY

18

19 This matter comes before the Court on Plaintiff Paul French's ("French") motion

20 to stay case pending appeal (Dkt. 86). The Court has considered the pleadings filed in

21 support of the motion and the remainder of the file and hereby denies the motion for the

22 reasons stated herein.

# I. PROCEDURAL HISTORY

On May 7, 2012, French filed a civil rights complaint against numerous

defendants alleging violations of constitutional rights, false arrest, false imprisonment,

malicious prosecution, intentional infliction of emotional distress, and negligence.  Cause

No. 12-5247BHS, Dkt. 1.

On August 30, 2012, the Court consolidated French's case with this case.  Dkt. 34.

On September 16, 2013, the Court granted the parties' stipulated dismissal of seven

defendants.  Dkt. 41.

On October 16, 2013, Defendants Rich Allen, Tor Bjornstad, Jeff Herbig, Chris

Johnstone, Sean Lindros, City of Olympia, and Jim Partin ("Defendants") filed a motion

for partial summary judgment.  Dkt. 46.  On December 11, 2013, the Court granted the

motion.  Dkt. 83.  On December 19, 2013, French filed a notice of appeal and motion to

stay the case pending resolution of the appeal.  Dkt. 86.

# II. FACTUAL BACKGROUND

On April 8, 2013, a group of demonstrators participated in an anti-police brutality

march.  The march started on the west side of Olympia and eventually ended up in

downtown Olympia.  French participated in the march.  During the march, the police

received numerous calls that the protesters were interfering with traffic.  Dkt. 75, Second

Declaration of Lieutenant Holmes, Exh. 1.  The dispatch report also shows that the march

obstructed a paramedic unit of the Olympia Fire Department.  *Id*., ¶ 2.

Based on the obstructions of traffic and information of other incidents contributed

to the demonstrators, Lieutenant Holmes decided that the march must be stopped.  Dkt.

1  51, Declaration of Lieutenant Ray Holmes, ¶¶ 8–13.  Lieutenant Holmes ordered all

2  available officers to surround the marchers and move them to a nearby vacant lot.  *Id*. ¶

3  15.  All of the protestors were arrested one by one for pedestrian interference.  *Id*.

4       During the march, a photographer for a local newspaper, Tony Overman, reported

5  an assault by a protestor.  *Id*. ¶ 9.  After the group was assembled in the vacant lot, the

6  assaulter was identified as Jamie Williams.  Officers Watkins and Nutter moved in to

7  remove Ms. Williams from the group of people.  However, the people around Ms.

8  Williams grabbed onto her generating a pulling match with the officers.  Officer Lindros

9  states that he moved in with his baton and immediately struck the arms of the people

10  holding Ms. Williams.  Dkt. 49, Declaration of Sean Lindros, ¶ 2.  Officer Lindros claims

11  that someone's fist hit him in the face and identified French as the attacker.  *Id*.

12                                **III. DISCUSSION**

13       In his motion, French provides no authority for the proposition that he may appeal

14  as a matter of right.  Thus, the Court assumes that French is requesting certification for an

15  interlocutory appeal.  Under 28 U.S.C. § 1292(b), an order may be certified for

16  interlocutory appeal where: (1) the order involves a "controlling question of law"; (2) as

17  to which there is "substantial grounds for difference of opinion"; and (3) "an immediate

18  appeal may materially advance the ultimate termination of the litigation."  *In re Cement*

19  *Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).  Certification is proper where

20  "allowing an interlocutory appeal would avoid protracted and expensive litigation."  *Id*. at

21  1025-26.

22

1    French appears to assert two grounds for appeal.  First, French claims that the

2  Court should not have dismissed his negligent supervision claim against the City of

3  Olympia.  Dkt. 86 at 2.  The Court granted the City's motion because "unsubstantiated

4  complaints do not show a pattern of inappropriate conduct."  Dkt. 83 at 8.  This is not a

5  controlling question of law because it is a lack of evidence by French.  Moreover, there is

6  not a substantial ground for difference of opinion because the City's investigation of the

7  complaints and subsequent conclusions would not cause reasonable jurists to disagree on

8  the issue of whether the City acted with deliberate indifference to French's constitutional

9  rights.  For example, the case French cites in support of his argument involved systemic

10  allegations of police brutality and investigations that concluded without contacting the

11  victims.  *See Fiacco v. City of Rensselaer, N.Y.* 783 F.2d 319, 329–332 (2nd Cir. 1986).

12  French has failed to submit evidence creating a material question of fact whether the

13  City's handling of the complaints against Lindros rise to, or even approach, the evidence

14  of deliberate indifference set forth in *Fiacco*.  Therefore, the Court declines to certify this

15  issue for appeal or stay the case while French appeals this issue.

16    Second, French appears to argue that his initial detainment was unlawful.  The

17  Court finds that there would not be substantial disagreement on the issue of whether

18  participating in a demonstration without a permit or being part of a demonstration that

19  obstructs traffic establishes, at a minimum, reasonable suspicion to briefly detain

20

21

22

1 French.[1]  Therefore, the Court declines to certify this issue for appeal or stay the case

2 while French appeals this issue.

## IV. ORDER

4     Therefore, it is hereby **ORDERED** French's motion to stay case pending appeal

5 (Dkt. 86) is **DENIED**.

6     Dated this 24th day of December, 2013.

7

8

_____

BENJAMIN H. SETTLE
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21     [1] Although French argues that the Court granted summary judgment to defendants who
did not move for summary judgment (Dkt. 86), all remaining defendants moved for summary

22 judgment (*see* Dkt. 46 at 2–3).